UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **LONNIE BROWN,** | ) |
| | ) |
| Brown, | ) |
| | ) |
| v. | ) CAUSE NO.:  3:22-cv-258-BJB |
| | ) |
| **BAKELITE LLC,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Brown, Lonnie Brown ("Brown"), by counsel, brings this action against Defendant, BakeLite LLC ("Defendant") alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.,* the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C § 621 *et. seq.*, the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*, and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. Brown is a resident of Harrison County, Indiana, who at all times relevant to this action was employed within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, 29 U.S.C. § 626, 29 U.S.C. § 2617(a)(2) and 42 U.S.C § 12117.

5. Jurisdiction is conferred on Brown's state law claims pursuant to 28 U.S.C. § 1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 29 U.S.C. 2611(4), 42 U.S.C. § 12111(5)(A), and KRS 344.030(5).

7. Brown was an "employee" as that term is defined by 29 U.S.C. § 630(f), 29 U.S.C. § 2611(2), 42 U.S.C. § 12111(4), and KRS 344.030(2).

8. Brown is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102 and 12111(8) and Defendant knew of Brown's disability or record of disability, and/or Defendant regarded Brown as being disabled.

9. Brown satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age and disability. Brown received his Notice of Right to Sue and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Brown began working for Defendant in 1997. He was 31 years old at the time of his hire.

12. Brown was hired in as a Contractor. Most recently, he served as an Operator.

13. Brown had a perfect record as an employee. He had never been disciplined. Importantly, at all relevant times, Brown met or exceeded Defendant's legitimate performance expectations.

14. Brown suffers from carpal tunnel, a disability that substantially limits one or more major life activities by impairing the use of his hands.

15. As a result of his disability, Brown required surgery on or around July 19, 2021. Brown took a medical leave of absence beginning on July 15, 2021. Brown's medical provider indicated that he would be able to return on or around August 26, 2021.

16. While Brown was on medical leave, he applied for and was approved for short term disability benefits.

17. On or around August 2, 2021, Defendant terminated Brown's employment. Defendant did not provide Brown with a reason for his termination.

18. Brown was fifty-five (55) years old at the time of his termination.

19. Defendant replaced Brown with a significantly younger, non-disabled individual.

20. Defendant refused to pay Brown any of his short-term disability benefits or accrued but unused vacation pay.

21. Historically, Defendant offered a severance package to younger and non-disabled employees whose employment was terminated without cause; however, it did not offer any benefits to Brown.

22. Defendant's actions are pretext for discrimination based on Brown's age, disability, record of disability, and/or perceived disability.

## V. CAUSES OF ACTION

### COUNT I: ADA - DISCRIMINATION

23. Brown hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint.

24. Defendant discriminated against Brown on the basis of his disability, record of disability, and/or perceived disability when it terminated him and subjected him to different terms and conditions.

25. Defendant's actions were intentional, willful, and in reckless disregard of Brown's rights as protected by the ADA and the KCRA.

26. Brown has suffered damages as a result of Defendant's action.

### COUNT II: ADEA - DISCRIMINATION

27. Brown hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28. Defendant discriminated against Brown on the basis of his age when it terminated him and subjected him to different terms and conditions.

29. Defendant's actions were intentional, willful, and in reckless disregard of Brown's rights as protected by the ADEA and the KCRA.

30. Brown has suffered damage as a result of Defendant's unlawful actions.

### COUNT III: FMLA - INTERFERENCE

31. Brown hereby incorporates paragraphs one (1) through thirty (30) of his Complaint.

32. Defendant unlawfully interfered with the exercise of Brown's rights under the FMLA when it did not offer him leave under the FMLA.

33. Defendant's actions were intentional, willful, and in reckless disregard of Brown's rights as protected by the FMLA.

34. Brown has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: FMLA – RETALIATION

35. Brown hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint.

36. Defendant retaliated against Brown based on his FMLA-qualified medical leave.

37. Defendant's actions were intentional, willful, and in reckless disregard of Brown's rights has protected by the FMLA.

38. Brown has suffered damages as a result of Defendant's unlawful actions.

### VI.   REQUESTED RELIEF

WHEREFORE, Plaintiff, Lonnie Brown, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Liquidated damages for Defendant's violations of the ADEA;

4.  Compensatory and punitive damages for Defendant's violations of the ADA;

5.  All costs and attorney's fees incurred as a result of bringing this action;

6.  Pre- and post-judgment interest on all sums recoverable; and

7.  All other legal and/or equitable relief this Court sees fit to grant.

    Respectfully submitted,

*/s/Andrew Dutkanych*
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Lonnie Brown*

## **DEMAND FOR JURY TRIAL**

Brown, Lonnie Brown, by counsel, requests a trial by jury on all issues deemed so triable.

    Respectfully submitted,

    */s/Andrew Dutkanych*
    Andrew Dutkanych
    BIESECKER DUTKANYCH & MACER, LLC
    144 North Delaware Street
    Indianapolis, IN 46204
    Telephone: (317) 991-4765
    Facsimile: (812) 424-1005
    Email: ad@bdlegal.com
    *Attorney for Plaintiff, Lonnie Brown*